# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY FORTUNATO, Individually and On Behalf of All Other Persons Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AKEBIA THERAPEUTICS, INC., JOHN P. BUTLER, JASON A. AMELLO, MUNEER A. SATTER, CAMPBELL MURRAY, M.D., JACK NIELSEN, ANUPAM DALAL, M.D., GIOVANNI FERRARA, KIM DUEHOLM, PH.D., DUANE NASH, M.D., MORGAN STANLEY & CO. LLC, CREDIT SUISSE SECURITIES (USA) LLC, UBS SECURITIES LLC, and NOMURA SECURITIES INTERNATIONAL, INC.,<br><br>    Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants Akebia Therapeutics, Inc. ("Akebia"), John P. Butler, Jason A. Amello, Muneer A. Satter, Campbell Murray, Jack Nielsen, Anupam Dalal, Giovanni Ferrara, Kim Dueholm, and Duane Nash (collectively, the "Individual Defendants," and together with Akebia, the "Akebia Defendants") hereby remove the above-captioned civil action filed in the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1441 and 1446.

In effecting this Removal, the Akebia Defendants do not waive, and hereby expressly reserve, all procedural, substantive, and jurisdictional claims, defenses, and other rights.

As grounds for removal, the Akebia Defendants state as follows:

**INTRODUCTION**

1. Plaintiff Anthony Fortunato ("Plaintiff") filed the above-captioned putative class action on September 3, 2015 in the Suffolk County Superior Court of the Commonwealth of Massachusetts. The action was assigned Civil Action No. 15-2665.

2. The complaint alleges claims against the Akebia Defendants as well as Morgan Stanley & Co. LLC, Credit Suisse Securities (USA) LLC, UBS Securities LLC, and Nomura Securities International, Inc. (together, the "Underwriter Defendants," and together with the Akebia Defendants, "Defendants").

3. Akebia was served with the complaint on September 15, 2015. The Underwriter Defendants were served with the complaint on September 15, 2015. The Individual Defendants have not yet been served.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's complaint together with "all process, pleadings, and orders served" on the Akebia Defendants are attached hereto as **Exhibit A.** Defendants have not pled, answered, or otherwise appeared in state court in response to Plaintiff's complaint.

5. Removal to the United States District Court for the District of Massachusetts is proper pursuant to 28 U.S.C. § 1441(a) because it is the district embracing the place where the state court action is pending.

**GROUNDS FOR REMOVAL**

6. This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because it includes, and is based exclusively upon, claims arising under the laws of the United States. Specifically, Plaintiff's complaint asserts federal claims against Defendants arising under the Securities Act of 1933, as amended (the "Securities Act"). *See* Compl. ¶¶ 60-79. In

particular, Plaintiff asserts claims against all Defendants arising under Sections 11 and 12(a)(2) of the Securities Act, and claims against the Individual Defendants under Section 15 of the Securities Act. Compl. ¶¶ 61, 71, 78.

7.   This action is therefore removable under 28 U.S.C. § 1441. Section 1441 provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

8.   Plaintiff asserts his claims on behalf of a putative class of purchasers of shares of Akebia, *see* Compl. ¶ 54, which shares are "covered securities" under 15 U.S.C. § 77p(f)(3). In addition, this action is a "covered class action" within the meaning of 15 U.S.C. § 77p(f)(2)(A) because Plaintiff is seeking to recover damages on behalf of himself and other unnamed parties similarly situated, and common questions of law or fact allegedly predominate. *See* Compl. ¶¶ 54, 58.

9.   "Covered class actions" alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act with respect to "covered securities" are properly removed to and heard in federal court. *See, e.g., Lapin v. Facebook, Inc.*, No. C-12-3195 MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("[F]ederal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims.") (quoting *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009)); *In re Fannie Mae Sec. Litig.*, No. 08-cv-7831-PAC, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *Rovner v. Vonage Holdings Corp.*, No. 07-178, 2007 WL 446658, at *3-4 (D.N.J. Feb. 7, 2007); *Alkow v. TXU Corp.*, No. 3:02-CV-2738-K, 2003 WL 21056750, at *1

(N.D. Tex. May 8, 2003); *Rubin v. Pixelplus Co.*, No. 06-CV-2964 (ERK), 2007 WL 778485, at *4 (E.D.N.Y. Mar. 13, 2007).

10.     Plaintiff asserts that "[t]his action is not removable" under the Securities Act. Compl. ¶ 10. Plaintiff misapprehends the relevant provisions of the Act.

11.     Section 22(a), the jurisdictional provision of the Securities Act, provides for *exclusive federal jurisdiction* over Securities Act claims involving "covered class actions," such as the above-captioned action:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . and, concurrent with State and Territorial courts, *except as provided in [Section 16] of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (emphasis added). Section 16 then incorporates the definition of "covered class action." 15 U.S.C. § 77p(f)(2). Thus, "[t]he exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction." *Knox*, 613 F. Supp. 2d at 425. "By excluding these covered class actions from concurrent state and federal jurisdiction, federal courts alone have jurisdiction to hear them." *Id.*

12.     Plaintiff attempts to rely upon the "anti-removal" provision of Section 22(a), which provides: "Except as provided in section [16(c)] of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). *See* Compl. ¶ 10. However, the anti-removal provision of Section 22(a) only prohibits the removal of cases brought in a "State court of competent jurisdiction." As discussed above, state courts do not have jurisdiction to adjudicate a "covered class action" raising Securities Act claims. Consequently, the "anti-removal" provision of Section 22(a) has no application here.

4

## REMOVAL IS TIMELY

13. Because this Notice of Removal is being filed within 30 days of the earliest date that any of the Defendants were served with the complaint, it is timely filed under 28 U.S.C. § 1446(b)(1). *See Novak v. Bank of New York Mellon Trust Co., NA.*, 783 F.3d 910 (1st Cir. 2015).

## NOTICE AND CONSENT

14. All Defendants in the above-captioned action consent to this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2). The Underwriter Defendants will promptly file with the Court a written consent to removal.

15. The Akebia Defendants will promptly serve a copy of this Notice of Removal on counsel for Plaintiff, and will file a copy of this Notice of Removal with the clerk of the Suffolk County Superior Court of the Commonwealth of Massachusetts, pursuant to 28 U.S.C. § 1446(d).

16. Pursuant to Local Rule 81.1, the Akebia Defendants will file a certified copy of the state court record and a certified copy of the docket from the state court action within 28 days of the filing of this Notice of Removal.

## CONCLUSION

17. For all of the foregoing reasons, removal of this action is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, the Akebia Defendants respectfully request that this action be, and hereby is, removed from the Suffolk County Superior Court of the Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

/s/ John D. Donovan, Jr.
John D. Donovan, Jr. (BBO #130950)
Jesse M. Boodoo (BBO #678471)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 951-7050
john.donovan@ropesgray.com
jesse.boodoo@ropesgray.com

*Attorneys for Defendants Akebia Therapuetics, Inc., John P. Butler, Jason A. Amello, Muneer A. Satter, Campbell Murray, Jack Nielsen, Anupam Dalal, Giovanni Ferrara, Kim Dueholm, and Duane Nash*

Dated:  October 5, 2015

## **CERTIFICATE OF SERVICE**

      I, John D. Donovan, hereby certify that, on October 5, 2015, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

                                              /s/ John D. Donovan, Jr.
                                              John D. Donovan, Jr.