## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                                        )
ANTHONY FORTUNATO,                      )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )          Civil Action
                                        )          No. 15-13501-PBS
AKEBIA THERAPEUTICS, INC., et al.,      )
                                        )
                    Defendants.         )
_____)
```

## MEMORANDUM AND ORDER

April 29, 2016

Saris, C.J.

## INTRODUCTION

The plaintiff, Anthony Fortunato, filed this putative securities class action in Suffolk County Superior Court of the Commonwealth of Massachusetts against Akebia Therapeutics, Inc., several of its officers and directors, and the investment banks that served as underwriters for Akebia's initial public offering. Plaintiff alleges that the defendants violated the Securities Act of 1933 by issuing a registration statement that misleadingly failed to disclose material information about the results of a drug trial for the company's principal drug. The plaintiff only asserts violations of federal securities law, and the defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

1

Fortunato now moves to remand on the grounds that the Securities Act of 1933, as amended by the Securities Litigation Uniform Standards Act of 1998 (SLUSA), bars removal. The defendants argue that the anti-removal provision in the Securities Act does not apply because SLUSA divested state courts of jurisdiction over certain securities class actions based on federal law, including the present case. There is a split in the United States district courts on this question—whether the anti-removal provision, as amended by SLUSA, allows for removal of covered class actions raising only 1933 Act claims—and there are no circuit court cases directly on point. After hearing, the Court **ALLOWS** the Motion to Remand for the reasons that follow.

## DISCUSSION

### I.   Statutory Framework

Originally, the Securities Act of 1933 established concurrent jurisdiction in both federal and state courts over cases brought under the 1933 Act. 15 U.S.C. § 77v(a)(1933). The Act also prohibited a defendant from removing to federal court any case that was deemed to arise under it. Id. ("No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."). "The combination of concurrent jurisdiction and lack of removal allowed plaintiffs in all federal securities

2

cases to choose unilaterally whether the case would be heard in federal or state court." Nitsoo v. Alpha Nat. Res., Inc., 902 F. Supp. 2d 797, 799-800 (S.D. W. Va. 2012) (discussing legislative history).

In 1995, Congress passed the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. §§ 77z-1, 78u, to curtail frivolous strike suits against corporations. See Greebel v. FTP Software, Inc., 194 F.3d 185, 191 (1st Cir. 1999) ("The enactment of the PSLRA in 1995 marked a bipartisan effort to curb abuse in private securities lawsuits, particularly the filing of strike suits."). The PSLRA established barriers to bringing securities class actions under federal law, including a heightened pleading standard and other procedural requirements. Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 107 (2d Cir. 2001) (citing 15 U.S.C. § 78u-4). The PSLRA left open a "loophole," however, which parties frequently exploited: plaintiffs could avoid the heightened requirements by alleging securities fraud under state law in state courts. Id. at 107-08 ("According to SLUSA's Congressional findings, many class action plaintiffs avoided the stringent procedural hurdles erected by PSLRA by bringing suit in state rather than federal court.").

In 1998, Congress passed SLUSA to prevent plaintiffs from using state law actions to frustrate the PSLRA's objectives. See Securities Litigation Uniform Standards Act of 1998, Pub. L. No.

3

105-353, § 2, 112 Stat. 3227, 3227. Congress addressed the problem by adding preclusion and removal provisions to the Securities Act. See In re Tyco Int'l, Ltd., 322 F. Supp. 2d 116, 117 (D.N.H. 2004). SLUSA also amended the clause granting concurrent jurisdiction to state and federal courts in the Securities Act, and the removal bar. It is the meaning of these provisions and amendments that has divided federal district courts on the question of whether covered class actions based exclusively on federal law can be removed to federal court.[1]

The SLUSA preclusion provision, titled "Class action limitations," states:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b). The term "covered class action" is defined in 15 U.S.C. § 77p(f)(2)(A) as:

> (i) any single lawsuit in which—
>
> > (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions

---

[1] Although there are several law review student notes that explore this question in detail, none of the well-respected treatise authors have taken a position.

of law or fact common to those persons or members
of the prospective class, without reference to
issues of individualized reliance on an alleged
misstatement or omission, predominate over any
questions affecting only individual persons or
members; or

(II) one or more named parties seek to recover
damages on a representative basis on behalf of
themselves and other unnamed parties similarly
situated, and questions of law or fact common to
those persons or members of the prospective class
predominate over any questions affecting only
individual persons or members; or

(ii) any group of lawsuits filed in or pending in the
same court and involving common questions of law or fact,
in which—

I) damages are sought on behalf of more than 50
persons; and

(II) the lawsuits are joined, consolidated, or
otherwise proceed as a single action for any
purpose.

Section 77p(f)(3) defines a "covered security." The parties
agree that this case constitutes a covered class action and
involves covered securities under § 77p(f).

The removal provision states: "Any covered class action
brought in any State court involving a covered security, as set
forth in subsection (b), shall be removable to the Federal
district court for the district in which the action is pending,
and shall be subject to subsection (b)." Id. § 77p(c). Thus,
covered class actions based on state law alleging fraud can be
removed to federal court under § 77p(c), where they will be
immediately dismissed pursuant to the preclusion provision.

The amended concurrent jurisdictional provision and removal bar, with the new language emphasized, state:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, _except as provided in section 77p of this title with respect to covered class actions_, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . . _Except as provided in section 77p(c) of this title_, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasis added). The last sentence (beginning "Except as provided in section 77p(c) of this title") is known as the "removal bar." The parties dispute whether state courts remain courts of "competent jurisdiction" after the passage of SLUSA, and thus whether covered class actions based exclusively on federal law are still subject to the removal bar in § 77v(a).

## II.  **Grant of Concurrent Jurisdiction and the Removal Bar**

The defendants argue that the new cross-reference to § 77p in the first sentence of § 77v(a) points to the definition of a covered class action in § 77p(f)(2)(A), which does not specify that "covered class actions" must be based on state law. According to the defendants, by adding an exception to concurrent jurisdiction that cross-references this definition, Congress stripped state courts of concurrent jurisdiction of all

covered class actions, as the term is defined, which includes those based on federal law. The defendants bolster their interpretation by noting that the grant of concurrent jurisdiction applies to suits brought to enforce liabilities and duties "created by" the Securities Act, not state law. 15 U.S.C. § 77v(a). In short, Congress would not have needed to amend § 77v(a) to divest state courts of jurisdiction over covered class actions based on state law because § 77v(a) only grants concurrent jurisdiction over cases arising under the 1933 Act.

Taking this argument one step further, the defendants maintain that because "state courts no longer have concurrent jurisdiction over Securities Act 'covered class actions,' they are no longer 'courts of competent jurisdiction' for purposes of the anti-removal provision." Docket No. 34 at 13. Therefore, SLUSA "not only permits removal from state court; it effectively mandates it." Id. at 14. Defendants contend that this interpretation comports well with SLUSA's purpose of preventing plaintiffs from evading the PSLRA's requirements by ensuring that "a single set of uniform standards—those set by federal law and the federal courts—will govern" covered class actions. Docket No. 24 at 14. To further support this argument, the defendants rely on dicta from two Second Circuit opinions:

> SLUSA was passed in 1998 primarily to close this loophole in PSLRA. It did this by making federal court the exclusive venue for class actions alleging fraud in the

sale of certain covered securities and by mandating that
such class actions be governed exclusively by federal
law.

Lander, 251 F.3d at 108; see also Cal. Pub. Employees' Ret. Sys.

v. WorldCom, Inc., 368 F.3d 86, 98 (2d Cir. 2004) ("SLUSA, which

made federal court the exclusive venue for class actions

alleging fraud in the sale of certain securities, closed this

loophole in the PSLRA, and expanded federal jurisdiction over

class actions." (citing Lander, 251 F.3d at 108)).

Meanwhile, the plaintiff argues that the amendment to the

jurisdictional provision in SLUSA only divested state courts of

jurisdiction over securities class actions based on state law.

Under the plaintiff's interpretation, the reference to § 77p

refers to all of § 77p, and not just to "covered class actions"

as defined in subsection (f)(2)(A). Given that the amendment

limits the concurrent jurisdiction of state courts, the

plaintiff contends that this Court "should look to the

subsections that fulfill the function of limiting state court

jurisdiction," namely the preclusion and removal provisions.

Docket No. 24 at 11-12. The plaintiff argues that these

provisions only apply to covered class actions based on state

law. Therefore, the cross-reference to § 77p, in the added

exception to concurrent jurisdiction in § 77v(a), also only

applies to covered class actions based on state law.

Because SLUSA amended the removal bar in § 77v(a) to create an exception for § 77p(c), the success or failure of the plaintiff's argument turns in part on whether the removal provision in § 77p(c) only applies to covered class actions based on state law, as plaintiff contends, or also permits the removal of covered class actions based exclusively on federal law. Courts across the nation have come out both ways on this difficult, close question. Compare Nitsoo, 902 F. Supp. 2d at 807, with Brody v. Homestore, Inc., 240 F. Supp. 2d 1122, 1123-24 (C.D. Cal. 2003). While the First Circuit has not addressed the matter, two district court judges in the First Circuit have held that only covered class actions based on state law can be removed under § 77p(c). See Carlson v. Ovascience, No. 15-cv-14032-WGY (D. Mass. Feb. 23, 2016); Hamel v. GT Solar Int'l Inc., No. 08-cv-00437-PB (D.N.H. Feb. 12, 2009); In re Tyco Int'l, Ltd., 322 F. Supp. 2d at 117.

The Supreme Court's decision in Kircher v. Putnam Funds Trust, 547 U.S. 633, 642-44 (2006), although not directly on point, sheds light on interpreting the preclusion and removal provisions in § 77p(b)-(c). In addressing the separate issue of "whether an order remanding a case removed under [SLUSA] is appealable," the Supreme Court held that a "straightforward reading" of the Securities Act demonstrates "removal and jurisdiction to deal with removed cases is limited to those

9

precluded by the terms of subsection (b)." Id. at 643.

Subsection (b) only applies to covered class actions "based upon

the statutory or common law of any State or subdivision

thereof." 15 U.S.C. § 77p(b). After reviewing SLUSA's text and

legislative history, the Supreme Court concluded:

> If the action is precluded, neither the district court
> nor the state court may entertain it, and the proper
> course is to dismiss. If the action is not precluded,
> the federal court likewise has no jurisdiction to touch
> the case on the merits, and the proper course is to
> remand to the state court that can deal with it.

Kircher, 547 U.S. at 644; see also Hidalgo-Velez v. San Juan

Asset Mgmt., Inc., 758 F.3d 98, 103 (1st Cir. 2014) ("The SLUSA

contains both a preclusion provision and a removal provision.

These symbiotic provisions are mirror images of each other: any

action that is properly removable under the removal provision is

per se precluded under the preclusion provision and, conversely,

any action not so precluded is not removable." (internal

quotation marks and citations omitted)); Campbell v. Am. Int'l

Grp., Inc., 760 F.3d 62, 64 (D.C. Cir. 2014) (same); Appert v.

Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 615-16 (7th Cir.

2012) (same); Madden v. Cowen & Co., 576 F.3d 957, 964-65 (9th

Cir. 2009)(same). The Supreme Court also noted in Kircher that

SLUSA's "purpose" was "to preclude certain vexing state-law

class actions." 547 U.S. at 644 n.12. The problem with all these

cases is that they do not specifically address the

jurisdictional provision or removal bar in § 77v(a), but rather
focus on the interplay between subsections (b) and (c) in § 77p.
In light of the case law, though, I conclude that the
plaintiff's interpretation that § 77p(c) only allows the removal
of securities class actions based on state law is the better
one.

The next question is whether state courts remain courts of
"competent jurisdiction" under § 77v(a) for actions arising
under federal law. I begin with the "deeply rooted" presumption
that state courts enjoy concurrent jurisdiction to adjudicate
claims arising under the laws of the United States. See Mims v.
Arrow Fin. Servs., LLC, 132 S. Ct. 740, 748 (2012) (quoting
Tafflin v. Levitt, 493 U.S. 455, 458-60 (1990)). Congress, of
course, can affirmatively rebut this presumption "by an explicit
statutory directive, by unmistakable implication from
legislative history, or by a clear incompatibility between
state-court jurisdiction and federal interests." Id. (quoting
Gulf Offshore Co. v. Mobile Oil Corp., 453 U.S. 473, 478
(1981)). For example, the Securities Exchange Act of 1934, 15
U.S.C. § 78aa, contains such an explicit statutory directive:
"The district courts of the United States . . . shall have
exclusive jurisdiction of violations of this chapter . . . , and
of all suits in equity and actions at law brought to enforce any
liability or duty created by this chapter or the rules and

regulations thereunder." <u>See</u> <u>Tafflin</u>, 493 U.S. at 471 (Scalia, J., concurring) (listing the Securities Exchange Act of 1934 as an example of a statute with an explicit statutory directive).

Here, the reference to § 77p in the amendment to the concurrent jurisdictional provision in § 77v(a) does not constitute an "explicit statutory directive." <u>Id.</u> As the split in the case law demonstrates, the legislative intent behind § 77v(a) is hard to understand. The cross-reference could plausibly refer to either the entirety of § 77p, leading to the conclusion that the amendment does not divest state courts of the concurrent jurisdiction they have exercised since 1933, or to the definition of a covered class action in subsection (f)(2)(A), which would be more consistent with the PSLRA's objectives.

Next, there is no "unmistakable implication from the legislative history." <u>Id.</u> When pressed at a hearing on the motion to remand, the defendants agreed that there is "no legislative snippet" that explains why Congress amended the jurisdictional provision in the way that it did, or what Congress's intention might have been. Docket No. 44, Hrg. Tr. at 22:24-25, 23:1.

Finally, there is no "clear incompatibility between state-court jurisdiction and federal interests." <u>Mims</u>, 132 S. Ct. at 748. The defendants argue that state court jurisdiction over

12

covered class actions based on the Securities Act will undermine the development of uniform standards for federal law class actions. Even under the plaintiff's interpretation, though, SLUSA promotes uniformity to some degree by ensuring that covered class actions alleging securities fraud can only proceed under federal law, which is ultimately reviewable by the Supreme Court. As the Supreme Court emphasized in Kirchner, the state courts are "equally competent" bodies. 547 U.S. at 646. While the defendants have made many good points, their policy arguments are better addressed to Congress.

### ORDER

The Court **ALLOWS** the plaintiff's Motion to Remand (Docket No. 23), and the case is **REMANDED** to the Suffolk County Superior Court of the Commonwealth of Massachusetts.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge